# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH L. WESTBROOK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-08-126-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

The Commissioner of the Social Security Administration denied an application for benefits by the Plaintiff Joseph L. Westbrook. The Plaintiff appealed to this Court, which reversed the Commissioner's decision and remanded the case to the administrative law judge for further proceedings. On remand, the ALJ found the Plaintiff to be disabled and awarded him $36,606.00 in past-due benefits. The Plaintiff now seeks appellate costs and attorneys' fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $7,300.00. For the reasons set forth below, Westbrook's Attorney's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) [Docket No. 24] should be granted.

The ALJ issued a decision favorable to the Plaintiff on February 22, 2010. Thus, as the Commissioner notes, the Plaintiff's June 3, 2010 motion pursuant to Section 406(b)(1) comes over three months after the ALJ's decision. But the Commissioner did not issue a notice of award (detailing, *inter alia*, the Plaintiff's past-due benefits and the amount withheld for payment of attorneys' fees) until May 5, 2010, so the Court finds

that the Plaintiff's motion is timely, as it was filed "within a reasonable time" pursuant to Fed. R. Civ. P. 60(c)(1), *i. e.*, within thirty days of the notice of award. *See McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award.") [citations omitted].

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). This amount is exclusive of any award to the Plaintiff's agency representative under 42 U.S.C. § 406(a). *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("The Commissioner and court have the authority to independently determine the appropriate attorney fees. Each has separate standards to make this determination and is only limited as provided by statute. Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.") [internal citations omitted]. The Plaintiff's fee request of $7,300.00 does not exceed 25% of past-due benefits, so the Court need only consider whether this amount is reasonable given the work performed in this case. *See Gisbrecht v.*

*Barnhart*, 535 U.S. 789, 807 (2002) ("[W]e conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Factors to consider in determining whether a requested fee is reasonable under *Gisbrecht* include the character of the representation and the results achieved, 535 U.S. at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) and *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (reducing the fee for substandard work), whether counsel has caused delay, and whether the contingent fee is so large in comparison to the amount of time spent on the case that it results in a windfall. *Id.*, *citing Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or when the amount of the fee is unconscionable in light of the work performed). Contemporaneous billing records may be helpful in determining reasonableness. *Id.*, *citing Rodriguez*, 865 F.2d at 741. Based on these factors, the Court concludes that an award of $7,300.00 in attorneys' fees is reasonable for the work done on appeal in this case.

First, the Plaintiff's attorneys ably represented him in this appeal and ultimately obtained excellent results on his behalf. The Court reversed the Commissioner's decision for reasons argued by the Plaintiff's attorneys, remanded the case for further proceedings by the ALJ, and awarded the Plaintiff $4,535.40 in costs and attorneys' fees as the prevailing party pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

2412(d).  On remand, the Plaintiff obtained a disability determination from the Commissioner and an award of past-due benefits in the amount of $36,606.00.  Thus, in addition to ongoing disability benefits, the Plaintiff should net over $27,000.00 in past-due benefits even after all fees and costs are paid.  Second, there is no evidence counsel caused any unnecessary delay in these proceedings.  Third, the requested fee represents no windfall to the Plaintiff's appellate attorneys, who spent approximately 24.2 hours working on the Plaintiff's case, *see* Docket No. 25, Ex. 4, and will therefore earn approximately $301.65 per hour for their work done on appeal.  The Court therefore concludes that the requested fee of $7,300.00 is reasonable within the guidelines set by *Gisbrecht*.

The Commissioner withheld $9,151.50 from the Plaintiff's past-due benefits but has already awarded $6,000.00 for work performed at the agency level.  Consequently, the amount retained by the Commissioner is insufficient to satisfy the $7,300.00 awarded by the Court pursuant to Section 406(b)(1).  *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference.").  Nevertheless, because the $7,300.00 amount awarded herein *does* exceed the $4,535.40 previously awarded by the Court under the EAJA, the Plaintiff's appellate attorneys must refund the latter amount to the Plaintiff.  *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

Accordingly, Westbrook's Attorney's Motion for Attorney's Fees Under 42 U.S.C § 406(b) [Docket No. 24] is hereby GRANTED.  The Court hereby approves an award of

$7,300.00 in attorneys' fees to the Plaintiff's appellate attorneys pursuant to 42 U.S.C. § 406(b)(1), and directs the Commissioner to pay the balance of the past-due benefits in his possession to the Plaintiff's appellate attorneys, who shall thereupon refund the full amount previously awarded under the EAJA to the Plaintiff.

**IT IS SO ORDERED** this 17th day of June, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**